**[ORAL ARGUMENT NOT YET SCHEDULED]**

No. 22-5290

---

**UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA**

---

ROBERT SCHILLING,

*Plaintiff-Appellant*,

v.

UNITED STATES HOUSE OF REPRESENTATIVES, et al.

*Defendants-Appellees*.

---

On Appeal from a Final Order of the U.S. District Court for the District of Columbia (No. 22-162) (Hon. Trevor N. McFadden, U.S. District Judge)

---

**MOTION FOR SUMMARY AFFIRMANCE**

Pursuant to Circuit Rule 27(g), Defendants-Appellees the United States House of Representatives, the Honorable Nancy Pelosi, Speaker of the United States House of Representatives, the Committee on Oversight and Reform of the United States House of Representatives, the Honorable Cheryl L. Johnson, Clerk of the United States House of Representatives, and the Honorable Catherine

1

Szpindor, Chief Administrative Officer of the United States House of

Representatives ("Congressional Defendants") respectfully move for summary

affirmance of the district court's October 3, 2022 order dismissing Plaintiff

Schilling's complaint. *See* Order, ECF 20; *Schilling v. Pelosi*, No. 1:22-cv-162,

2022 WL 4745988 (D.D.C. Oct. 3, 2022).

Summary affirmance is plainly appropriate here because this Court will

summarily dispose of an appeal where "[t]he merits of the parties' positions are so

clear as to warrant summary action," *Hassan v. FEC*, No. 12-5335, 2013 WL

1164506, at *1 (D.C. Cir. Mar. 11, 2013) (per curiam), and "no benefit will be

gained from further briefing and argument of the issues presented." *Taxpayers

Watchdog, Inc., v. Stanley*, 819 F.2d 294, 298 (D.C. Cir. 1987) (per curiam); *see

also Sills v. Bureau of Prisons*, 761 F.2d 792, 794 (D.C. Cir. 1985).

This appeal meets this description perfectly. In dismissing this case, the

district court applied well-settled Speech or Debate Clause precedent from both the

Supreme Court and this Court, developed over the decades in numerous cases.

Schilling's only real arguments on appeal would be either that this precedent is

wrong and should be disregarded by the Court, or that the Framers of the

Constitution erred by providing absolute immunity to Members of Congress

against claims of illegal conduct in carrying out their legislative responsibilities.

Under these circumstances, as the district court's thorough opinion makes clear, there would be no benefit to further briefing or argument.

## FACTUAL BACKGROUND

Plaintiff-Appellant Schilling's claim in this suit appears to be that communications among the Chairwoman of the House Oversight Committee, one of its Members, and one of its staffers contain evidence revealing that the Oversight Committee has improperly utilized assistance from private consultants as the Committee carries out its legislative functions. *See* Am. Compl. ¶¶ 19, 22, 67, ECF 12. The Amended Complaint focuses on official committee records containing messages and recordings of the Oversight Committee conducting its investigations, research, and analyses as part of its legislative activities in determining whether to pursue legislation concerning damage to the Earth's environment. *See id.* ¶ 68.

Schilling appears to be seeking Oversight Committee internal communications that in some way involved specified private individuals who are expert in the subject of possible legislation concerning climate change. *See id.* Schilling claims to want this material because, "as a citizen, he has an interest in keeping a watchful eye on his government," and because, in his "role as a journalist, he has a proprietary interest in obtaining information which can be used to educate the public about the activities of its government." *Id.* ¶ 97(d), (e).

In seeking a mandatory injunction against the House itself, the Speaker, the Oversight Committee, and House officers, Schilling relies solely on a claimed common law right of access to government records.

## PROCEDURAL HISTORY

Schilling initially sought the materials at issue pursuant to the common law right of access via letters to various House officials. *See* Am. Compl. ¶ 68. After his requests were denied, Schilling filed suit in the District Court for the District of Columbia, also under the common law right of access. *See* Compl., ECF 1. Subsequently, Schilling amended his complaint, but did not raise other legal grounds for relief. *See* ECF 12.

Congressional Defendants responded by moving to dismiss, arguing on multiple grounds that Schilling's lawsuit could not proceed, including that: (i) the case was barred by the doctrine of sovereign immunity; (ii) the litigation was absolutely prohibited by the Speech or Debate Clause; (iii) even if the district court were to have had jurisdiction and could reach the merits, the common law right of access did not apply to Congressional materials generally nor to the specific type of materials sought; and (iv) even if the common law right of access applied, the materials sought by Schilling are not public records. *See generally* House Defs.' Mot. to Dismiss and Mem. in Supp., ECF 13.

4

The district court held a motions hearing on July 18, 2022, and on October 3, 2022, issued an order and accompanying opinion dismissing Schilling's amended complaint. *See* ECF 20; *Schilling*, 2022 WL 4745988. The district court concluded that Schilling's suit was barred by the Speech or Debate Clause; given this ruling, the court did not reach the other grounds for dismissal. *See Schilling*, 2022 WL 4745988, at *10.

Following a comprehensive examination of both the history and binding jurisprudence surrounding and involving the Speech or Debate Clause, the district court correctly held that, because "Schilling's request implicates a core legislative activity—conducting investigative hearings on potential legislation," it was barred by Speech or Debate Clause immunity. *Id.* at *8 (citing *McSurely v. McClellan*, 553 F.2d 1277, 1286 (D.C. Cir. 1976)). The district court determined that, although Schilling's requests related to preparation for House committee hearings and not the hearings themselves, immunity still applied because "preparation for a hearing is 'an integral part of the deliberative and communicative processes by which Members participate in committee and House proceedings.' … To hold otherwise would ignore the reality of modern congressional work." *Id.* (first quoting *Gravel v United States*, 408 U.S. 606, 625 (1972); and then citing *MINPECO, S.A. v. Conticommodity Servs.,* 844 F.2d 856, 860 (D.C. Cir. 1988)).

5

The district court further concluded that compelled disclosure "would also trench on Congress's investigative function" and that "litigating access requests like these would 'create[] a distraction and force[] Members to divert their time, energy, and attention from their legislative tasks to defend the litigation.'" *Id.* (alterations in original) (quoting *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 503 (1975)).

The district court reviewed and denied both counterarguments advanced by Schilling. *First*, the district court rejected the argument that the Speech or Debate Clause does not apply because the defendants included ministerial and administrative parties, not just Members and aides. *See id.* at \*9. According to the district court, such an argument is "untenable" and "would swallow the immunity rule whole." *Id.*

*Second*, the district court rejected Schilling's contention that the Speech or Debate Clause did not apply because "the objective of this use of Committee resources" is "to assist a campaign vow … to facilitate certain litigation," Am. Compl. ¶ 22; Mem. in Opp'n to Mot. to Dismiss, ECF 15 at 5, and because Schilling alleged that Congressional resources were used "in ways that violate House Rules and federal statutes … with an apparent motivation to assist *private* (non-legislative) ends." ECF 15 at 10. The district court properly noted that "Legislators' motives do not matter" and that is the true even "where legislators

6

have allegedly acted unlawfully." *Schilling*, 2022 WL 4745988, at \*9 (first citing

*Bogan v. Scott-Harris*, 523 U.S. 44, 54-55 (1998); and then citing *Rangel v.*

*Boehner*, 785 F.3d 19, 24 (D.C. Cir. 2015)).

On November 1, 2022, Schilling timely filed his notice of appeal. *See*

Notice of Appeal, ECF 21.

## ARGUMENT

The Speech or Debate Clause, U.S. Const. Art. I, § 6, cl. 1, bars Schilling's

suit. That Clause provides absolute immunity to Members of Congress and

committees for all "legislative acts," *see, e.g.*, *Doe v. McMillan*, 412 U.S. 306, 312

(1973). That immunity is not merely a defense. Rather—as the district court

correctly held—"throughout history, speech and debate privilege has been

understood as an absolute jurisdictional bar." *Schilling*, 2022 WL 4745988, at \*10

(citing *Rex v. Williams*, 13 How. St. Tr. 1370, 1384 (1684-95), and *Rangel*, 785

F.3d at 25).

By "freeing the legislator from executive and judicial oversight that

realistically threatens to control his conduct," *Gravel*, 408 U.S. at 618, the Clause

both "preserve[s] the independence and … integrity of the legislative process,"

*United States v. Brewster*, 408 U.S. 501, 524 (1972), and "reinforc[es] the

separation of powers," *Eastland*, 421 U.S. at 502. It also prevents litigation, such

as this case, that would "divert [legislators'] time, energy, and attention from their

legislative tasks," *id.* at 503, or lessen their ability "to represent the interests of their constituents," *Rangel*, 785 F.3d at 23 (internal quotation marks and citation omitted).

"[I]t is long settled that the Clause's protections range beyond just the acts of speaking and debating." *McCarthy v. Pelosi*, 5 F.4th 34, 38 (D.C. Cir. 2021), *cert. denied*, 142 S. Ct. 897 (2022).  Indeed, the "Supreme Court has consistently read the Speech or Debate Clause 'broadly' to achieve its purposes."  *Rangel*, 785 F.3d at 23 (quoting *Eastland*, 421 U.S. at 501).  To that end, courts have routinely applied this immunity to bar suits implicating "legislative acts," *Doe*, 412 U.S. at 311-12, which are those "generally done in a session of the House by one of its members in relation to the business before it."  *Kilbourn v. Thompson*, 103 U.S. 168, 204 (1880); *see also Gravel*, 408 U.S. at 624.

The protections of the Clause extend not only to Members of Congress but to its committees as well.  *See, e.g.*, *Eastland*, 421 U.S. at 501; *McSurely v. McClellan*, 521 F.2d 1024, 1036-37 (D.C. Cir. 1975); *Pentagen Techs. Int'l, Ltd. v. Comm. on Appropriations of U.S. House of Reps.*, 20 F. Supp. 2d 41, 43-45 (D.D.C. 1998).  Speech or Debate immunity shields all acts that "occur in the regular course of the legislative process," *Brewster*, 408 U.S. at 525, and it bars Schilling's suit.

8

Binding recent and venerable precedent from this Court and the Supreme Court compels summary affirmance in this case on the ground that the Congressional Defendants are absolutely immune from suit for compelled production of the Congressional materials relating to House committee functions. *See, e.g.*, *Judicial Watch, Inc. v. Schiff*, 998 F.3d 989, 993 (D.C. Cir. 2021) (dismissing on Speech or Debate Clause grounds complaint seeking disclosure of certain subpoenas issued by House committee as part of its legislative investigative functions); *see also Consumers Union of U.S., Inc. v. Periodical Correspondents' Ass'n*, 515 F.2d 1341, 1351 (D.C. Cir. 1975) (holding that administration of press galleries is a legislative act and that Speech or Debate Clause immunity applies to the Sergeant-at-Arms, a House Officer).

Here, the materials that Schilling seeks, to the extent they exist at all, would have been prepared and/or used by staff and Members of the Oversight Committee. The information contained in these materials would be directly related and intended to aid the Oversight Committee with its investigation into issues tied to climate change and, specifically, the Oversight Committee's October 28, 2021 hearing entitled "Fueling the Climate Crisis: Exposing Big Oil's Disinformation Campaign to Prevent Climate Action." *See* Am. Compl. ¶ 14 (noting Oversight Committee hearing).

9

As the Supreme Court has explained, committee investigations are "indispensable ingredient[s] of lawmaking." *Eastland*, 421 U.S. at 505. "Without information, Congress would be shooting in the dark, unable to legislate 'wisely or effectively.'" *Trump v. Mazars USA, LLP*, 140 S. Ct. 2019, 2031 (2020) (quoting *McGrain v. Daugherty*, 273 U.S. 135, 175 (1927)); *see also Eastland*, 421 U.S. at 504 (quoting *McGrain*, 273 U.S. at 175) ("A legislative body cannot legislate wisely or effectively in the absence of information respecting the conditions which the legislation is intended to affect or change.").

In considering application of the absolute immunity afforded by the Speech or Debate Clause, the precedent is clear: courts are to assess the "nature of the act" to determine "whether, stripped of all considerations of intent and motive, [the challenged] actions [a]re legislative." *Bogan*, 523 U.S. at 54-55; *see also McCarthy*, 5 F.4th at 39. Once the legislative-act test is met, "that is the end of the matter" for the courts. *MINPECO*, 844 F.2d at 861. As this Court has held, "[a]n act does not lose its legislative character simply because a plaintiff alleges that it violated the House Rules … or even the Constitution … Such is the nature of absolute immunity, which is—in a word—absolute." *Rangel*, 785 F.3d at 24 (internal citations omitted).

Accordingly, as the district court here correctly explained and held, Schilling's claim that the Oversight Committee misused private consultants to help

in its legislative work, means that the materials Schilling seeks fall within the scope of immunity afforded by the Speech or Debate Clause. *See Schilling*, 2022 WL 4745988, at *9 ("In sum, Schilling's request seeks materials related to ongoing legislative hearings. Requiring Defendants to disclose those materials (if they exist) would chill Congress's investigative function."); s*ee also McSurely*, 553 F.2d at 1286. Thus, Schilling's claims are absolutely barred, and this Court should summarily affirm the district court's dismissal for lack of subject matter jurisdiction. *See, e.g.*, *Judicial Watch*, 998 F.3d at 993 (remanding for dismissal for "want of subject-matter jurisdiction") (citing *Howard v. Off. of Chief Admin. Officer of U.S. House of Reps.*, 720 F.3d 939, 941 (D.C. Cir. 2013)).

## CONCLUSION

For the foregoing reasons, the Court should summarily affirm the judgment of the district court.

Respectfully submitted,

/s/ Douglas N. Letter
Douglas N. Letter
Todd B. Tatelman

*Office of General Counsel*
*U.S. House of Representatives*
5140 O'Neill House
Office Building
Washington, D.C. 20515
(202) 225-9700

Douglas.Letter@mail.house.gov

*Counsel for Congressional Defendants-Appellees*

December 9, 2022

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I certify that this

Motion complies with the type-volume limitation of Rule 27(d)(2), as it contains

2,173 words.

*/s/ Douglas N. Letter*
Douglas N. Letter

December 9, 2022

**CERTIFICATE OF SERVICE**

I certify that on December 9, 2022, I filed one copy of the foregoing Motion

for Summary Affirmance via the CM/ECF system of the United States Court of

Appeals for the District of Columbia Circuit, which I understand caused service on

all registered parties.

/s/ Douglas N. Letter
Douglas N. Letter